DECISION
The appeal involves a request for property tax exemption for two oceangoing vessels. The subject property, previously exempt, was placed on the assessment and tax rolls for the 2007-08 tax year because Plaintiff did not file an exemption application. The matter was heard by the court March 19, 2008. Plaintiff was represented by Steven Schauble and Terry Grigsby. Defendant was represented by Robert Thomas.
 I. STATEMENT OF FACTS
The relevant facts are not in dispute. The appeal involves two oceangoing vessels moored in Newport, Oregon, that are leased by Oregon State University Foundation (OSUF) to Oregon State University (OSU). OSUF is a nonprofit IRC section 501(c)(3) corporation. The *Page 2 
lease was due to expire in May 2007 and, on April 30, 2007, the parties executed another lease with terms similar or identical to those in the earlier, expiring lease.
The ships had for many years been exempt from property taxation. OSUF desired to continue exempt status for the 2007-08 tax year, but did not submit the statutorily required exemption application in 2007. The assessor was aware of the impending expiration of the lease, and, on January 11, 2007, sent a notice to OSUF advising OSUF that it should submit a new application and a copy of the lease extension or new lease agreement if it wished to continue the exemption for the 2007-08 tax year. (Def's Answer at 3.) According to the letter, the assessor included a copy of the governing statute, ORS 307.166. The letter advised OSUF that the:
 "* * * [a]pplication for exemption must be filed by April 1. If the agreement is entered into after March 1 and no later than June 30, the application shall be filed within 30 days after the date the agreement is entered into."
 II. ANALYSIS
The parties agree that the subject property qualifies for exemption under ORS 307.166 as property owned by an exempt institution, organization or public body and leased to another exempt institution, organization or public body. However, an application is required in order to obtain the exemption. ORS 307.166(2).[1] The claim must be filed on or before April 1, unless the lease "agreement is entered into after March 1 but not later than June 30, [in which case] the claim shall be filed within 30 days after the date the lease or agreement is entered into * * * ." ORS 307.166(3)(a)(A). Plaintiff executed a new lease on April 30, 2007. Under ORS chapter 307.166(3)(a)(A), Plaintiff was required to file an exemption claim by May 30, 2007 (30 days from the date of the execution of the new lease). Plaintiff did not file an application by the May 30, 2007, deadline. *Page 3 
A taxpayer who misses the applicable deadline may, nonetheless, file a late application. ORS 307.166(3)(a)(B) authorizes the filing of a claim "on or before December 31 of the assessment year for which exemption is first claimed," provided the taxpayer pays a late filing fee. The assessment year for which Plaintiff seeks exemption is 2007, and the applicable late filing deadline was December 31, 2007. Plaintiff did not file an application before that date. In fact, no application had been filed with the assessor up to the time Defendant filed its Answer on January 30, 2008. Plaintiff did submit a copy of an application with its Complaint to the court.
The administrative rule, OAR 150-307.166(1)[2] provides in relevant part that "[f]iling an application for a tax exemption is required." Moreover, OAR 150-307.166(4), which notes that "[l]ate filing is permitted," further provides that "[p]ayment of the late filing fee must be submitted with the application." Plaintiff neither filed the necessary application nor paid the late filing fee.
Plaintiff explained that there was an internal mixup within the institution due to the departure of a key employee assigned the task of ushering the application through the process. Additionally, the person who operates the vessels, or at least oversees their operation, took a copy of the new lease agreement to the assessor's office in October 2007. Plaintiff argues that there has been no change in the lease conditions or use of the vessels, and that the case comes down to a matter of sloppy handling of the necessary paperwork. While that may be true, the court has no authority either under the statute or administrative rule to waive the application requirement. Even if the court had some discretionary authority, the facts of this case are not very compelling because Plaintiff was advised in writing of the need for a new application several months before the new lease agreement was entered into, and had eight months from the date that agreement was executed, to file the late application and pay the late filing fee. *Page 4 
 III. CONCLUSION
The court concludes that Plaintiff's ORS 307.166 exemption request, for the 2007-08 tax year, for the two vessels identified in the assessor's records as Accounts P518909 and P520463, must be denied because Plaintiff failed to file an application within 30 days of the date the new lease agreement was executed, and because Plaintiff missed the extended December 31, 2007, late filing deadline. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal must be denied for the reasons set forth above.
Dated this _____ day of April 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on April 16, 2008.The Court filed and entered this document on April 16, 2008.
[1] Unless noted otherwise, all references to the Oregon Revised Statutes (ORS) are to 2005.
[2] Reference to the Oregon Administrative Rule (OAR) is to the rules in effect in 2007. *Page 1